UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LESLIE McCOLGIN, on Behalf of Himself and Others Similarly Situated, | CASE NO. 3:15-cv-193 |
| *Plaintiffs*, | |
| v. | COLLECTIVE ACTION |
| ALLTECH SYSTEMS, INC., | |
| *Defendant*. | |

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, Leslie McColgin, on behalf of himself and others similarly situated (Plaintiffs) and AllTech Systems, Inc. (AllTech), are pleased to announce they have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case. This settlement represents the culmination of nearly a year's worth of investigation, litigation, and negotiation. If approved, the settlement will provide meaningful relief to the covered workers.

The Parties filed their Joint Stipulations and Settlement Agreements of Collective Action Claims (Settlement Agreements) under seal for review and approval *in camera*. Doc. 16. The Parties jointly request the Court approve the Settlement Agreement as reasonable compromises in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the standard for judicial review when the parties are represented by counsel)). As set forth in this motion and the Settlement Agreement, the settlement is a reasonable compromises of the claims in this lawsuit. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (explaining that in deciding whether the proposed settlement reflects a "reasonable

compromise," the Court may either accept or reject it but cannot require the parties to accept any revisions or modifications to the agreement.).

**1.     The Settlement.**

The Parties agreed to a settlement that offers each worker more than 100% of their estimated unpaid overtime with AllTech – <u>net</u> of attorney's fees and costs. And the unpaid overtime was calculated using the three-year statute of limitations reserved for willful violations, rather than the "default" two-year statute of limitations under the FLSA. *See* 29 U.S.C. § 255(a). Because this is an FLSA collective action, the money will be offered to the potential Class Members on an "opt-in" basis. 29 U.S.C. § 216(b). Therefore, only those who elect to participate will be bound.[1]

If the Court approves the settlement, Plaintiffs' Counsel will mail a copy of an approved notice to each Class Member within seven (7) calendar days. *See* Settlement Agreements at § 4(a) & Exhibit 2 (the "Notice"). Class Members will have until sixty (60) days after the date of the Court's Order Approving Settlement (the "Claim Filing Date") to elect to participate in the settlement. *Id.* at § 4(c). Thus, prior to deciding whether to participate in the settlement, each potential Class Member will be informed of: (1) the existence of this case; (2) their right to participate in the settlement if they wish to do so; (3) the amount of money they will receive if they accept the settlement; and (4) how they can obtain additional information and documents relevant to the case.

Within ten (10) days after the Claim Filing Date, Plaintiffs' Counsel will file a motion with the Court listing: (1) the Class Members who filed timely Notices of Consent and Waiver Agreements; and (2) the amount of money each will receive. *See* Settlement Agreements at § 5(a). The motion will request an Order authorizing the issuance of payments under the Settlement

---

[1] As this Court is aware, FLSA collective actions are "[u]nlike Rule 23 class actions, where plaintiffs become parties through no action of their own, and are bound by its results." *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 367872, *2 (S.D.Tex. Feb. 14, 2006) (Lake, J.). Instead, only those persons who "elect to opt-in to the FLSA representative action are . . . bound by its results." *Id.*

Agreements. *Id.* Provided the Court authorizes the payments, AllTech will mail all the necessary checks to Bruckner Burch PLLC within fifteen (15) days. *Id.* at § 5(b). Bruckner Burch PLLC will then distribute the checks to all Class Members participating in the settlements. *Id.* Within twenty-five (25) days after the Court issues an Order authorizing the issuance of payments under this Settlement Agreement, Plaintiff will file a motion with the Court confirming it made the payments to the Class Members required under the Settlement Agreements and requesting entry of an Order dismissing this case with prejudice. *Id.* at § 7.

**2.     The Settlement Represents a Reasonable Compromise of this Litigation.**

This settlement provides each Class Member with the opportunity to recover more than 100% of the estimated back wages, for up to a full three years of their employment with AllTech, in only a few months. Class Members can participate in the settlement without fear of retaliation. As stated in the Notice: "AllTech's policies, as well as the law, prohibit retaliation against you for participating in this settlement." *See* Settlement Agreement at Exhibit 2, ¶ 7. Thus, the potential Class Members are being assured they can accept the money being offered to them without fear of retaliation.

None of the amounts being offered to the employees covered by the Settlement Agreements will be reduced for attorney's fees, expenses or administrative costs. Instead, as part of an independent negotiation, AllTech agreed to pay a fixed amount to cover all attorney's fees, expenses and administrative costs. The separately negotiated amounts will cover the costs associated with the mailing of the agreed notice, receiving and categorizing the opt-in forms, resolving any challenges to the estimated payments, and all other administrative costs. Settlement Agreement at § 2(C).

The Parties and their counsel[2] agree the Settlement Agreements are reasonable compromises of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigations risks and the costs applicable to both sides. The Parties have engaged in arm's-length settlement negotiations involving multiple settlement sessions and several additional rounds of extended settlement communications. Because the Settlement Agreement is a reasonable compromise and adequately compensates the participants for all the unpaid overtime hours alleged by the class, the Parties seek entry of the enclosed Agreed Order of Approval.

3.  **Conclusion.**

Using the FLSA's opt-in procedure, the Settlement Agreements give every potential class member the *option* of participating in the settlement or retaining their right to sue. Prior to making their decision, the class members will be: (1) provided with the information necessary to make an informed choice (including access to relevant documents and advice of counsel); (2) given sufficient time to evaluate their choices; and (3) assured they can accept the settlement without retaliation. Each potential class member will be able to accept (or reject) the settlement as they see fit. Those individuals who elect to participate in the settlement will receive an amount estimated to equal to more than 100% of their unpaid overtime wages during their entire employment with AllTech (net of attorneys' fees, expenses and all costs). Therefore, the Parties request the Court approve the attached Settlements as "reasonable compromises" of this dispute.

A proposed Order Approving Settlement is attached.

---

[2] Plaintiffs' counsel has served as lead counsel in numerous of large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). AllTech is represented by employment litigation specialists with substantial experience defending collective actions under the FLSA. The Parties respectfully submit the Court may consider their opinions in evaluating the settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (opinions of experienced counsel may be considered in evaluating settlement).

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| LESLIE McCOLGIN, on behalf of himself and others similarly situated | ALLTECH SYSTEMS, INC. |
| **/s/ Rex Burch** | **/s/ Scott Fiddler** |
| By Their Attorneys: | By Its Attorneys: |
| Richard J. (Rex) Burch<br>State Bar No. 24001807<br>**BRUCKNER BURCH PLLC**<br>8 Greenway Plaza<br>Suite 1500<br>Houston, TX 77046<br>713.877.8788<br>713.877.8065 (fax)<br>Email: rburch@brucknerburch.com | G. Scott Fiddler<br>State Bar No. 06957750<br>Andrew W. Reed<br>State Bar No. 24074935<br>**FIDDLER & ASSOCIATES, P.C.**<br>1004 Congress, 2nd Floor<br>Houston, TX 77002<br>713.228.0070<br>713.228.0078 (fax)<br>Email: scott@fiddlerlaw.com<br>areed@fiddlerlaw.com |
| Attorney for Plaintiffs | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

On the date stamped above, I served this document via the Court's ECF system.

**/s/ Rex Burch**

Richard J. (Rex) Burch